OPINION
PER CURIAM.
Petitioner Qin Chen is a citizen of China. He entered the United States in 2006 without inspection and was charged as removable. Before the Immigration Judge (“IJ”), Chen conceded removability and sought asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). The IJ denied all relief and the Board of Immigration Appeals (“BIA”) dismissed his subsequent appeal. Chen then filed a petition for review.
I
Chen based his requests for relief on his practice of Falun Gong, which is outlawed in China. Chen testified that, as a teenager, he suffered from poor health. In 2003, a friend invited him to practice Falun Gong, suggesting that it might improve Chen’s health. Chen stated that he began practicing at the home of his friend’s uncle and continued to do so once a week from early 2003 until December 2005.
In December 2005, police raided the uncle’s house during a meeting of Falun Gong practitioners, including Chen. Chen was arrested; he testified that he was beaten, hanged upside down, and interrogated. He was held for about a month and released when his mother paid a substantial fee. Although his mother paid for Chen’s release, she received no receipt. Chen explained that the police would not give out a receipt because the fee his *291 mother paid was a bribe, not official bail. Chen was also required to sign a document stating that he renounced Falun Gong, although he produced no copy of the document at his removal hearing, and the police instructed him to report once per week.
After his release, Chen was assaulted on the street by police when he was seen associating with a group of friends, presumably because the police believed he was engaging in activities related to Falun Gong. Because he felt intense pressure and fear from having to report to police and not associate with his friends, Chen left China for the United States in 2006. Chen now lives in a residence owned by his boss, not far from his father’s home in New Jersey.
In addition to his own testimony before the IJ, Chen presented unsworn letters from his mother and the friend who introduced him to Falun Gong. Chen also submitted some pictures of himself posing with unknown practitioners at a pro-Falun Gong demonstration in Washington, D.C.
The IJ denied all relief, reasoning that Chen failed to sufficiently corroborate his claim that he experienced or faced persecution for practicing Falun Gong. Specifically, the IJ noted that Chen failed to produce any evidence that he was in poor health before starting Falun Gong, so as to establish that he ever began to practice it, or that he was ever arrested, bailed out, or forced to renounce Falun Gong. The IJ further noted that although he went to the trouble of obtaining unsworn letters from individuals in China — including his mother, who had an interest in the outcome of the case — Chen did not produce affidavits from his father or boss, who both live near him in the United States, or local Falun Gong practitioners, who could attest to his continued practice of Falun Gong. The IJ also questioned the veracity of Chen’s claim, citing inconsistencies and weaknesses in his testimony and other evidence. The IJ however, did not make an express adverse credibility determination.
The BIA dismissed Chen’s appeal, reasoning that the IJ properly determined that Chen failed to offer sufficient corroborating evidence or adequate explanations for his failure to produce such evidence.
II
We have jurisdiction over Chen’s petition under 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than that of the IJ. See Li v. Att’y Gen., 400 F.3d 157, 162 (3d Cir.2005). However, we also look to the decision of the IJ to the extent that the BIA defers to or adopts the IJ’s reasoning. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir.2006). We review agency factual determinations for substantial evidence and will uphold such determinations “unless the evidence not only supports a contrary conclusion, but compels it.” Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir.2005) (internal quotation marks and citations omitted).
As an initial matter, we reiterate that the IJ did not make an explicit adverse credibility finding, contrary to Chen’s assertion. He merely noted inconsistencies in Chen’s testimony and expressed some doubts about his story as a result. We have several times affirmed the rule that in the absence of an explicit adverse credibility finding, we must proceed as if the applicant’s testimony were credible and determine whether the IJ’s decision is supported by substantial evidence. See Toure v. Att’y Gen., 443 F.3d 310, 325-26 (3d Cir.2006); Lusingo v. Gonzales, 420 F.3d 193, 197 n. 5 (3d Cir.2005); Li, 400 F.3d at 163-164; Kayembe v. Ashcroft, 334 F.3d 231, 235 (3d Cir.2003). Accordingly, we will presume the credibility of Chen’s testimony and proceed to evaluate the Agen- *292 c/s conclusion that Chen failed to meet his burden of establishing eligibility because he failed to provide reasonable corroboration.
A failure to corroborate may be relied on to deny relief when “(1) the IJ identifies facts for which it is reasonable to expect the applicant to produce corroboration, (2) the applicant fails to corroborate, and (8) the applicant fails to adequately explain that failure.” Chukwu v. Att’y Gen., 484 F.3d 185, 191-92 (3d Cir.2007) (citing Toure, 443 F.3d at 323; Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir.2001)).[1] Here, the BIA affirmed the IJ’s decision on the ground that Chen should have provided evidence from his father or boss that would help demonstrate his adherence to Falun Gong. Chen merely produced un-sworn statements from his mother and friend, as well as a photograph of himself with Falun Gong practitioners at a rally. However, despite his testimony that his father knew of his Falun Gong practice and that he lived with — or at least near— his boss, Chen failed to obtain any statements from them about whether he actually adheres to the practice.[2] We agree that Chen could have easily obtained such evidence and that he unreasonably provided no explanation for his failure to corroborate his claim in that regard.
Because the IJ conducted the required inquiry and reasonably concluded that Chen failed to offer adequate reasons for his failure to corroborate his claims for relief, we will uphold the BIA decision affirming the denial of relief. We have considered Chen’s other arguments on appeal and conclude that they lack merit. Accordingly, we will deny the petition for review.

. This standard applies to claims for relief, such as Chen's, that were filed after the enactment of the REAL ID Act of 2005. See Chuk-wu, 484 F.3d at 192 & n. 2.

. The IJ noted that he understood why Chen's father, who apparently remains in the country despite an order of deportation, would not come to the removal hearing, but expressed doubts about Chen's claim because he could have easily obtained a sworn statement from his father, who would not have been required to appear at the hearing.